UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01355-JLS-JDE                          Date: June 24, 2024
Title:  Titania Sabzerou v. Yves Saint Laurent America, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS
CASE SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff filed this putative class action on behalf of herself and others similarly situated in Orange County Superior Court, alleging that Defendant violated various California wage-and-hour laws.  Defendant removed, asserting that this Court has jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. §§ 1332(d), 1441(a).  (Notice of Removal, Doc. 1.)

CAFA requires, among other things, that the amount in controversy "exceed[] the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2).  "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal," including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01355-JLS-JDE                          Date: June 24, 2024
Title:  Titania Sabzerou v. Yves Saint Laurent America, Inc. et al

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*"  *Id.* (quoting *Dart*, 574 U.S. at 87).

Here, Plaintiff's complaint does not specify the damages sought, so Defendant was obligated to plausibly allege the amount in controversy.  (*See* Compl., Doc. 1-3; Notice of Removal ¶ 19.)  In its Notice of Removal, Defendant asserts that there is more than $5,000,000 at issue.  (Notice of Removal, Doc. 1 ¶ 20.)

***Violation Rate Assumption.***  "As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court," Defendants' assumed "violation rates are key to the calculations necessary to reach the $5,000,001 amount-in-controversy figure CAFA requires."  *Cackin v. Ingersoll-Rand Indus. U.S., Inc.*, No. 8:20-cv-02281-JLS-JDE, 2021 WL 2222217, at *2 (C.D. Cal. June 2, 2021) (Staton, J.).  Violation rates "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

Defendant, however, does not provide a basis for its various violation-rate assumptions—other than contending that some of the violation rates are "reasonable." (*E.g.*, Notice of Removal ¶ 30.)  Therefore, the Court *sua sponte* questions whether the amount-in-controversy requirement is satisfied here.  *See Moe*, 73 F.4th at 761–62. Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the *evidence*."  *Id.* at 762 (emphasis added).

***Hourly Wages.***  Moreover, when calculating the amount in controversy, Defendant "extrapolate[es]" Named Plaintiff's $110.50 hourly wage across all putative class members (Notice of Removal ¶¶ 23, 25), yet Named Plaintiff seeks to represent a class of "*all* current and former non-exempt employees of Defendants within the State of California" within the class period (Compl. ¶ 33 (emphasis added)).  Defendant does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01355-JLS-JDE                     Date: June 24, 2024
Title:  Titania Sabzerou v. Yves Saint Laurent America, Inc. et al

explain why it was reasonable to apply Named Plaintiff's hourly wage to all class members instead of using the class members' average hourly wage.

Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Orange County Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response. No further briefing is permitted.  Following submission of the parties' briefing, which shall not exceed **ten (10) pages**, the matter will be deemed under submission and the Court will thereafter issue an order.

Initials of Deputy Clerk: cr